IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |     |                          |
| ---------------------------- | --- | ------------------------ |
| **DEBORAH LANSKY,**          | )   |                          |
|                              | )   |                          |
| **Plaintiff,**               | )   |                          |
|                              | )   | **No. 2:17-cv-2883-SHM-dkv** |
| **v.**                       | )   |                          |
|                              | )   |                          |
| **PROTECTION ONE ALARM**     | )   |                          |
| **MONITORING, INC.,**        | )   |                          |
|                              | )   |                          |
| **Defendant.**               | )   |                          |
|                              | )   |                          |

**ORDER**

Plaintiff Deborah Lansky alleges breach of contract, negligence, and detrimental reliance. Before the Court is the January 5, 2018 Motion for Judgment on the Pleadings, filed by Defendant ADT LLC, successor-in-interest to Protection One Alarm Monitoring, Inc. ("ADT"). Plaintiff responded on January 15, 2018, arguing for denial of ADT's motion or, in the alternative, an opportunity to amend her complaint. (ECF No. 21.) ADT replied on January 22, 2018. (ECF No. 22.)

For the following reasons, ADT's Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part. Plaintiff's motion to amend the complaint is DENIED.

## I.  Background

On April 11, 2015, Plaintiff entered into a contract with ADT's predecessor, Protection One Alarm Monitoring, Inc., which was to provide alarm monitoring services for Plaintiff's apartment in Memphis, Tennessee (the "Contract"). (Compl., ECF No. 1-2 ¶ 4.)

On or about June 23, 2017, Plaintiff set her alarm before leaving her apartment. (Id. ¶ 6.)  While she was gone, a burglar broke in. (Id. ¶ 7.)  Although the alarm was activated, ADT failed to notify "the police, apartment complex, and other proper authorities." (Id.)  ADT left a voicemail message on Plaintiff's telephone, asking her to return its call. (Id. ¶ 8.)  Surveillance video recorded inside Plaintiff's apartment showed that the burglar removed the alarm system, found Plaintiff's safe, and stole "approximately one hundred thousand dollars ($100,000.00) in personal property." (Id. ¶¶ 9-10.)

On October 12, 2017, Plaintiff filed a complaint in the Circuit Court for Shelby County, Tennessee, alleging breach of contract, negligence, and detrimental reliance against Protection One Alarm Monitoring, Inc. (See generally id.)

On December 8, 2017, ADT removed the case to this Court, alleging diversity jurisdiction. (Notice of Removal, ECF No. 1 at 2.) ADT answered on December 15, 2017. (ECF No. 6.)

On January 5, 2018, ADT filed its Motion for Judgment on the Pleadings and supporting memorandum. (ECF Nos. 8-9.) Plaintiff responded on January 15, 2018. (ECF No. 21.) ADT replied on January 22, 2018. (ECF No. 22.)

## II. Jurisdiction & Choice of Law

### A. Jurisdiction

This Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a resident and citizen of Shelby County, Tennessee. (Compl., ECF No. 1-2 ¶ 1.) ADT is a limited liability company, whose sole member is a Delaware corporation with its principal place of business in Florida. (Notice of Removal, ECF No. 1 ¶ 7.) A limited liability company is a citizen wherever its members are citizens. <u>See</u> <u>Delay v. Rosenthal Collins Grp., LLC</u>, 585 F.3d 1003, 1005 (6th Cir. 2009). ADT is a citizen of Delaware and Florida. The parties are completely diverse.

Plaintiff alleges that the amount in controversy exceeds $75,000. (Compl., ECF No. 1-2 at 14.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good

faith." <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938); <u>see also</u> <u>Mass. Cas. Ins. Co. v. Harmon</u>, 88 F.3d 415, 416 (6th Cir. 1996). The requirements of diversity jurisdiction are satisfied.

**B. Choice of Law**

In diversity actions, state substantive law governs. <u>See, e.g.</u>, <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938). A federal court applies the choice-of-law provisions of the state in which it sits. <u>Id.</u>; <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>Cole v. Mileti</u>, 133 F.3d 433, 437 (6th Cir. 1998) ("It is well-established that federal courts sitting in diversity must apply the choice-of-law rules of the forum state.") (citing cases).

Plaintiff alleges state law claims for breach of contract, negligence, and detrimental reliance. (<u>Compl.</u>, ECF No. 1-2 at 11-14.) Tennessee follows the rule of *lex loci contractus*, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent. <u>Vantage Tech., LLC v. Cross</u>, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing <u>Ohio Cas. Ins. Co. v. Travelers Indem. Co.</u>, 493 S.W.2d 465, 467 (Tenn. 1973)). The Contract was executed in Tennessee. Neither Plaintiff nor ADT

challenges the application of Tennessee law. The Court will apply Tennessee substantive law to Plaintiff's contract claims.

For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). To determine which state has the "most significant relationship," Tennessee courts consider seven principles:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability, and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

Id. n.3 (quoting Restatement (Second) of Conflict of Laws § 6 (1971)). When applying those principles, courts consider four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and

place of business of the parties, [and] (d) the place where the
relationship, if any, between the parties is centered."
Timoshchuk v. Long of Chattanooga Mercedes-Benz, No. E2008-
01562-COA-R3-CV, 2009 WL 3230961, at *11 (Tenn. Ct. App. Oct.
8, 2009); accord Hataway, 830 S.W.2d at 59.  "[T]hese contacts
are to be evaluated according to their relative importance with
respect to the particular issue."  Timoshchuk, 2009 WL 3230961,
at *11; accord Hataway, 830 S.W.2d at 59.

Tennessee has the most significant relationship to
Plaintiff's negligence claim.  The alleged injury occurred in
Tennessee, and Plaintiff is a Tennessee resident and citizen.
The Contract between the parties was formed in Tennessee.  The
alleged negligent actions occurred in Tennessee.   The
relationship of the parties is centered in Tennessee.  No other
state has a more significant relationship to Plaintiff's claim
than Tennessee.  The Court will apply Tennessee substantive law
to Plaintiff's tort claim against ADT.

## III. Legal Standard

### A. Motion for Judgment on the Pleadings – Rule 12(c)

"After the pleadings are closed -- but early enough not to
delay trial -- a party may move for judgment on the pleadings."
Fed. R. Civ. P. 12(c).  The standard governing a motion to
dismiss under Rule 12(b)(6) applies to a motion for judgment on

the pleadings.  Warrior Sports, Inc. v. Nat'l Collegiate

Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010) (citing EEOC

v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 1973)).

"For purposes of a motion for judgment on the pleadings, all

well-pleaded material allegations of the pleadings of the

opposing party must be taken as true, and the motion may be

granted only if the moving party is nevertheless clearly

entitled to judgment."  JPMorgan Chase Bank, N.A. v. Winget,

510 F.3d 577, 581 (6th Cir. 2007).

"[T]he legal standards for adjudicating Rule 12(b)(6) and

Rule 12(c) motions are the same. . . ."  Lindsay v. Yates, 498

F.3d 434, 437 n.5 (6th Cir. 2007).  The court must separate

factual allegations from legal conclusions, and may consider as

true only those factual allegations which meet a threshold test

of plausibility.  See, e.g., Tucker v. Middleburg-Legacy Place,

539 F.3d 545 (6th Cir. 2008) (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007)).  The court must construe the

complaint in the light most favorable to the plaintiff and

accept all well-pled factual allegations as true.  League of

United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th

Cir. 2007).  A plaintiff can support a claim "by showing any

set of facts consistent with the allegations in the complaint."

Twombly, 550 U.S. at 563.

This standard requires more than bare assertions of legal conclusions. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 678-79. To survive a motion for judgment on the pleadings, a complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quotation marks omitted).

**B. Motion to Amend Complaint – Rule 15**

Federal Rule of Civil Procedure 15(a)(2) provides that a Court should grant leave to amend a pleading freely "when justice so requires."

> In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Miller v. Champion Enters., Inc., 346 F.3d 660, 690 (6th Cir. 2003).

A motion to amend a complaint may be denied if the proposed amendment is futile. See Benzon v. Morgan Stanley Distributors, Inc., 420 F.3d 598, 613 (6th Cir. 2005). An amendment is futile if it would not survive a motion to dismiss. Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005).

## IV. Analysis

### A. Motion for Judgment on the Pleadings

ADT argues that Plaintiff's breach of contract claim should be dismissed "to the extent it seeks more than $250,"[1]

---

[1] ADT also argues that damages on Plaintiff's negligence and detrimental reliance claims must be limited to $250.00, to the extent those claims survive. (See ECF No. 8 at 39.)

that Plaintiff's negligence claim should be dismissed because

ADT does not owe Plaintiff a common-law duty, and that

Plaintiff's detrimental reliance claim should be dismissed

because she has failed to allege "a specific promise

independent from the parties' contract." (ECF No. 8 at 39-40.)

### 1. Breach of Contract

In Tennessee, "the essential elements of any breach of

contract claim include (1) the existence of an enforceable

contract, (2) nonperformance amounting to a breach of the

contract, and (3) damages caused by the breach of the

contract." <u>ARC LifeMed, Inc. v. AMC-Tennessee, Inc.</u>, 183

S.W.3d 1, 26 (Tenn. Ct. App. 2005).

ADT does not contend that Plaintiff's entire breach of

contract claim fails as a matter of law. ADT argues that, to

the extent Plaintiff brings a breach of contract claim, damages

must be limited to $250.00 under the limited liability

provision in the Contract. (ECF No. 9 at 46.) The Contract

provides, in part:

> 4.3 You understand and agree that if either Owner or
> [ADT] should be found liable for loss, damage, or
> injury due to the failure of the System in any
> respect whatsoever, including but not limited to
> [ADT]'s monitoring of the System, Owner's and [ADT]'s
> collective liability shall not exceed Two Hundred and
> Fifty Dollars ($250.00), and this liability shall be

exclusive, that is, entirely limited to $250.00 and
nothing else.

(ECF No. 9-1 at 55.)

Plaintiff contends that this limitation of liability
clause is not enforceable because it is an adhesion contract,
it is unconscionable, and its enforcement would violate public
policy.  (ECF No. 21-1 at 82-83.)

### a. Adhesion and Unconscionability

In Tennessee, an adhesion contract is defined as "'a
standardized form offered on what amounts to a 'take it or
leave it' basis, without affording the weaker party a realistic
opportunity to bargain, and under conditions whereby the weaker
party can only obtain the desired product or service by
submitting to the form of the contract.'"  Seawright v. Am.
Gen. Fin. Servs., Inc., 507 F.3d 967, 975 (6th Cir. 2007)
(quoting Buraczynski v. Eyring, 919 S.W.2d 314, 320 (Tenn.
1996)).  There is no adhesion unless there is no "meaningful
choice for the party occupying the weaker bargaining position."
Id. (citing Cooper v. MRM Inv. Co., 367 F.3d 493 (6th Cir.
2004)).

Even if a contract is adhesive, it remains enforceable
unless it is unconscionable.  Id. (citing Buraczynski, 919
S.W.2d at 320.)  "[A] contract will be deemed unconscionable if

11

'the provisions are so one-sided, in view of all the facts and circumstances, that the contracting party is denied any opportunity for meaningful choice.'" Berent v. CMH Homes, Inc., 466 S.W.3d 740, 750 (Tenn. 2015) (quoting Taylor v. Butler, 142 S.W.3d 277, 285 (Tenn. 2004)). "Enforcement of a contract is generally refused on grounds of unconscionability where the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." Taylor, 142 S.W.3d at 285.

Tennessee courts have typically found adhesion contracts unenforceable when the weaker party's available remedies are more limited than the leveraging party's, or the weaker party's remedy is exclusive, but the leveraging party's is not. See e.g., id. at 286-87 (finding a provision to arbitrate all plaintiff's claims in an adhesion contract was unenforceable because it was unreasonably favorable to the defendant and oppressive to the plaintiff); Brown v. Tenn. Title Loans, Inc., 216 S.W.3d 780, 787 (Tenn. Ct App. 2006) (finding the arbitration provision in an adhesion contract unconscionable because it required plaintiff to arbitrate all claims, but allowed defendant to litigate).

The limited liability clause here does not give ADT more
remedies than Plaintiff or provide an exclusive remedy for
Plaintiff, but not ADT. Both Plaintiff and ADT are limited to
$250.00 in damages. (ECF No. 9-1 at 55 ("Owner's and [ADT]'s
collective liability shall not exceed Two Hundred and Fifty
Dollars ($250.00). . . .").)

Tennessee courts have concluded that contracts for
burglary-protection-alarm-system monitoring services with
limitation of liability clauses are not ipso facto void and
unenforceable. E.B. Harvey & Co. v. Protective Sys., Inc., No.
CA 840, 1989 WL 9546, at *4 (Tenn. Ct. App. Feb. 10, 1989). In
Tennessee, limited liability clauses are upheld absent
"intentional fraud, deceit, or intentional misrepresentation."
Houghland v. Security Alarms & Services, Inc., 755 S.W.2d 769,
773 (Tenn. 1988); see Kendrick v. Sonitrol Sec. of Knoxville,
Inc., No. S.C. 287, 1988 WL 110083, at *1 (Tenn. Oct. 24, 1988)
("[L]imitation of liability provisions in a contract are
enforceable absent evidence of intentional tort, or deliberate
fraud, or evidence of a negligent material misrepresentation. .
. ."). A breach of contract does not make a limitation of
liability clause null and void. Beijing Fito Med. Co., Ltd. v.
Wright Med. Tech., Inc., No. 2:15-CV-02258-JPM-TMP, 2017 WL
5170126, at *8 (W.D. Tenn. Feb. 21, 2017) (citing Louisiana

13

Pacific Corp. v. Teaford Co., Inc., No. 3:11-cv-00317, 2012 WL
3150721, at *5 (M.D. Tenn. Aug. 2, 2012)); Roopchan v. ADT Sec.
Sys., Inc., 781 F. Supp. 2d 636, 660 (E.D. Tenn. 2011).

Plaintiff contends that the limited liability clause does
not apply because ADT was grossly negligent or reckless.  (ECF
No. 21-1 at 83.)  Plaintiff does not allege that ADT
intentionally mispresented or fraudulently concealed any
material fact, or deceived Plaintiff.  Plaintiff's breach of
contract claim, alone, does not make the limited liability
clause unenforceable.  The Contract is not unenforceable
because it is adhesive or unconscionable.

### b. Public Policy

A contract may be unenforceable if it is contrary to
public policy.  See Baugh v. Novak, 340 S.W.3d 372, 381 (Tenn.
2011).  "The determination of whether a contract is
unenforceable on public policy grounds is a question of law."
Id.  "[C]ourts will decline to enforce a contract on public
policy grounds only (1) when the violation of public policy is
clearly established, (2) when the violation is inherent in the
contract itself, not collateral thereto, or when the contract's
purpose taints it with illegality, and (3) when a clear public
detriment will probably occur as a result of the contract or
where the object of the contract tends to injure the public."

14

Id. at 383-84.  Tennessee's public policy is established by the Tennessee Constitution, statutes, common law, and court decisions.  Id. at 384.

Tennessee courts have decided that liability clauses limiting the amount of damages for alarm-system monitoring services do not violate public policy, especially where liability can be increased by paying an additional amount.  See E.B. Harvey & Co., 1989 WL 9546, at *4 (emphasizing trial court transcript that it would not be "immoral or illegal" if the alarm company agreed to increase liability by buying insurance and passing the cost of that insurance to the customer); see also Underwood v. Nat'l Alarm Servs., Inc., No. E2006-00107-COA-R3CV, 2007 WL 1412040, at *5 (Tenn. Ct. App. May 14, 2007); Houghland, 755 S.W.2d at 771.  The Contract here provides that Plaintiff can "obtain an increase in [ADT's] liability . . . by paying an additional annual charge directly to [ADT]."  (ECF No. 9-1 ¶ 4.5.)

Plaintiff cites no authority, and the Court finds none, that limited liability clauses like the one here violate the public policy of Tennessee.  Tennessee decisions support the opposite conclusion.  The Contract does not violate public policy.

Plaintiff has failed to establish that the limited liability clause here is unenforceable. ADT's Motion for Judgment on the Pleadings is GRANTED on Plaintiff's breach of contract claim. The damages on Plaintiff's breach of contract claim are limited to $250.00.

## 2. Negligence

To prevail on a negligence claim in Tennessee, a plaintiff must establish (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, cause. Giggers v. Memphis Hous. Auth., 277 S.W.3d 359, 364 (Tenn. 2009).

Plaintiff alleges that ADT "had a duty to exercise reasonable care and skill in monitoring the security system" and "to promptly alert the proper authorities in the event of a break-in and comply with the terms and conditions of the parties' agreement." (Compl., ECF No 1-2 ¶ 23.) ADT argues that the duty to which Plaintiff refers arises from the Contract, and is not a common-law tort duty. (ECF No. 9 at 48.) Therefore, ADT argues, Plaintiff's negligence claim must be dismissed. (Id.) Plaintiff does not address ADT's argument in her response.

"An action is one in contract and not in tort '[w]hen an act complained of is a breach of specific terms of the contract, without any reference to the legal duties imposed by law upon the relationship created thereby.'" <u>Weese v. Wyndham Vacation Resorts</u>, No. 3:07-CV-433, 2009 WL 1884058, at *6 (E.D. Tenn. June 30, 2009) (quoting <u>Green v. Moore</u>, No. M2000-03035-COA-R3-CV, 2001 WL 1660828, at *3 (Tenn. Ct. App. Dec. 28, 2001)).  An action lies in tort and not in contract "when an act constituting a contractual breach also constitutes a breach of a common law duty independent of the contract."  <u>Id.</u>

Tennessee courts have found a tort duty "to perform the obligations of [a] contract with reasonable care." <u>Underwood</u>, 2007 WL 1412040, at *4; <u>see</u> <u>Fed. Ins. Co. v. Winters</u>, 354 S.W.3d 287, 292-94 (Tenn. 2011).  In <u>Underwood</u>, plaintiff relied on several theories of negligence by defendant, an emergency monitoring service.  <u>Id.</u> at *1.  The Tennessee Court of Appeals concluded that "[defendant] was bound by the terms of its Agreement with [plaintiff], and it owed [plaintiff] a duty to perform the obligations of that contract with reasonable care."  <u>Id.</u> at *4.[2]

---

[2] ADT cites <u>Ram Int'l, Inc. v. ADT Sec. Servs., Inc.</u>, 555 F. App'x 493 (6th Cir. 2014) and <u>Spengler v. ADT Sec. Servs., Inc.</u>, 505 F.3d 456 (6th Cir. 2007) for the proposition that tort claims are foreclosed when they derive from contractual duties.  Both cases, however, apply Michigan law, which requires that, for an action in tort to arise out of a breach of contract, the act must constitute a breach of duty separate and distinct

Plaintiff alleges that ADT had a duty to perform its obligations under the Contract with reasonable care, and that ADT breached that duty by negligently monitoring the alarm system. ADT's breach allowed an intruder to burglarize Plaintiff's apartment, resulting in a substantial loss. Plaintiff has sufficiently alleged a claim for negligence.

ADT's Motion for Judgment on the Pleadings on Plaintiff's negligence claim is DENIED.

### 3. Detrimental Reliance

"Detrimental reliance, more commonly known as promissory estoppel, involves the defendant making a promise upon which the plaintiff reasonably relied, and the plaintiff showing that the reliance detrimentally affected the plaintiff." Philp v. Se. Enterprises, LLC, No. M201602046COAR3CV, 2018 WL 801663, at *10 n.21 (Tenn. Ct. App. Feb. 9, 2018). To succeed on a claim of promissory estoppel, Plaintiff must establish: "(1) that a promise was made; (2) that the promise was unambiguous and not unenforceably vague; and (3) that [she] reasonably relied upon the promise to [her] detriment." Chavez v. Broadway Elec. Serv. Corp., 245 S.W.3d 398, 404 (Tenn. Ct. App. 2007) (citations omitted).

---

from the breach of contract. Haas v. Montgomery Ward & Co., 812 F.2d 1015, 1016–17 (6th Cir. 1987). There is no such requirement in Tennessee.

Tennessee recognizes a claim of promissory estoppel in "exceptional cases." Barnes & Robinson Company, Inc. v. OneSource Facility Services, Inc., 195 S.W.3d 637 (Tenn. Ct. App. 2006). Exceptional cases include conduct akin to fraud. Shedd v. Gaylord Entertainment Company, 118 S.W.3d 695 (Tenn. Ct. App. 2003). A promissory estoppel claim is not dependent on the finding of an express contract between the parties, Engenius Entertainment, Inc. v. Herenton, 971 S.W.2d 12, 19 (Tenn. Ct. App. 1997), but the court must first determine whether an enforceable contract exists. Calabro v. Calabro, 15 S.W.3d 873, 879 (Tenn. Ct. App. 1999). Promissory estoppel can be an alternative theory of recovery on an express contract. Operations Management International, Inc. v. Tengasco, Inc., 35 F.Supp.2d 1052 (E.D. Tenn. 1999). As a general matter, however, promissory estoppel is not a viable theory of recovery when there is a valid contract. Jones v. BAC Home Loans Servicing, LP, No. W201600717COAR3CV, 2017 WL 2972218, at *9 (Tenn. Ct. App. July 12, 2017).

Given a contract, a claim of promissory estoppel is limited to allegations that a promise expanded the terms of the existing contract. Id.; Bill Brown Const. Co. v. Glens Falls Ins. Co., 818 S.W.2d 1, 9-11 (Tenn. 1991). A claim of promissory estoppel is precluded where the parties merely

dispute the terms, scope, or effect of an enforceable contract. <u>Terry Barr Sales Agency, Inc. v. All-Lock Company, Inc.</u>, 96 F.3d 174 (6th Cir. 1996) (applying Michigan law); <u>Jones</u>, 2017 WL 2972218, at *10.

Plaintiff alleges that ADT made a "representation" to "properly monitor[] the Plaintiff's security system, and in the event of a break-in, alert the proper authorities in a timely manner." (Compl., ECF No. 1-2 ¶ 19.) Plaintiff represents that she reasonably relied on ADT's "representation" that it would monitor the security system properly and respond appropriately, and that to her detriment she paid ADT a monthly fee and "lost tens of thousands of dollars of personal property. . . ." (<u>Id.</u> ¶ 20.) Plaintiff does not allege that ADT made a promise outside the Contract or a promise that expanded the terms of the Contract.

The Contract provides that ADT:

> shall, in accordance with its policies, procedures and applicable legal requirements, attempt to verify and signal and, upon verification, notify the appropriate responding party, as designated by Owner, by calling the telephone numbers provided to [ADT] by Owner or by Resident, as the case may be. You acknowledge that when an alarm signal is received by [ADT], in order to verify the validity of such signal, the [ADT] operator will call only the telephone number in the Unit designated by the Owner and/or Property Management. . . . [ADT] is solely responsible for contacting or dispatching responding

> parties, as designated by the Owner or its Agent, to
> respond to alarm signals. . . .

(ECF No. 9-1 at 55-56.)

Plaintiff has failed to state a claim. She does not allege a promise that expanded the terms of the Contract. She seeks recovery for breach of the Contract terms. To the extent Plaintiff seeks to amend the terms of the Contract, her request is precluded. <u>See</u> <u>Jones</u>, 2017 WL 2972218, at *10. ADT's Motion for Judgment on the Pleadings is GRANTED on Plaintiff's detrimental reliance claim.

### B. Motion to Amend Complaint

Plaintiff seeks "leave to Amend her Complaint to more fully elaborate on the unconscionability and/or against public policy arguments." (ECF No. 21 at 78.) For the reasons stated above, such an amendment would be futile. <u>See</u> Part IV.A.1.

Plaintiff's Motion to Amend the Complaint is DENIED.

### V. Conclusion

For the foregoing reasons, ADT's Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part. ADT's motion to limit recovery on Plaintiff's breach of contract claim to $250.00 is GRANTED. ADT's motion on Plaintiff's detrimental reliance claim is GRANTED. ADT's motion on

Plaintiff's negligence claim is DENIED.  Plaintiff's motion to amend the complaint is DENIED.


So ordered this 21st day of June, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE