IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| DEBORAH LANSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17-2883 |
| | ) |
| v. | ) |
| | ) |
| PROTECTION ONE ALARM | ) |
| MONITORING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## ORDER

Before the Court is the November 21, 2018 Motion for Summary Judgment, filed by Defendant ADT LLC, successor-in-interest to Protection One Alarm Monitoring, Inc. ("ADT"). (ECF No. 34.) Plaintiff Deborah Lansky responded on December 19, 2018. (ECF No. 35.) ADT replied on December 28, 2018. (ECF No. 36.)

For the following reasons, ADT's Motion for Summary Judgment is GRANTED.

## I. Background

### A. Procedural History

On October 12, 2017, Lansky filed a complaint in the Tennessee Circuit Court for the Thirtieth Judicial District at Memphis. (See Compl., ECF No. 1-2.) She alleged that a burglar

had broken into her apartment, and that ADT, her alarm company, did not call the police. (See id. ¶ 3.) Lansky alleged the thief stole "approximately one hundred thousand dollars ($100,000.00) in personal property." (Id. ¶¶ 9-10.) She asserted claims of breach of contract, negligence, "recklessness and/or gross negligence," and detrimental reliance against ADT's predecessor Protection One Alarm Monitoring, Inc. (See generally id.) On December 8, 2017, ADT removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1 at 2.)

On January 5, 2018, ADT filed a Motion for Judgment on the Pleadings. (ECF Nos. 8-9.) The Court granted ADT's motion on Lansky's detrimental reliance claim. (See ECF No. 27.) The Court also granted ADT's motion to limit recovery on Lansky's breach of contract and negligence claims to $250. (See ECF Nos. 27, 33.)

ADT filed its Motion for Summary Judgment on November 21, 2018. (ECF No. 34.) ADT seeks summary judgment on Lansky's remaining claims. (See generally id.)

## B. Lansky's Statement of Undisputed Facts

Both parties have submitted Statements of Undisputed Facts. (ECF Nos. 34-2, 35-2.) In response to ADT's Statement of Facts, Lansky has submitted a document in two parts: (1) a

response to ADT's Statement of Facts; and (2) a statement of additional "undisputed" facts. (See ECF No. 35-2.)

ADT did not respond to Lansky's additional statement of undisputed facts in its reply. Under Local Rule 56.1(b), the nonmovant may set forth a statement of additional facts she considers material and that she contends show the existence of a genuine issue for trial. See L.R. 56.1(b). If the moving party files a reply, it must "respond to these additional facts by filing a reply statement . . . ." L.R. 56.1(c). Normally, failure to respond to the nonmoving party's statement of additional facts "shall indicate that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.1(d). Lansky, however, represents that the facts contained in her additional statement are "undisputed." (ECF No. 35-2 at 183.) Because Lansky does not contend her additional statement contains genuine factual issues to be tried, her filing is not recognized by the Local Rules. See L.R. 56.1(b).

Even if the facts in Lansky's Statement were disputed, they cite to portions of her affidavit that are not based on personal knowledge or are legal conclusions. Those portions of Lansky's affidavit are discussed below.

### C. ADT's Statement of Material Facts

Instead of record evidence, ADT's Statement of Facts primarily cites allegations in Lansky's Complaint. (See ECF No. 35-2.) ADT states only one material fact that does not appear in the Complaint. (See id. ¶ 1 (ADT entered into a contract with Lansky to provide alarm monitoring services for Lansky's apartment).) No other material fact is substantiated by affidavit, declaration, deposition transcript, discovery response, or other form of evidence. Because ADT cites allegations almost exclusively and refers to almost no record evidence, the question is whether ADT's motion is properly supported.

To succeed, ADT must show that there "is no genuine dispute as to any material fact . . . ." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support that assertion by: "(A) citing to particular parts of material in the record . . .; or (B) showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). Because ADT cites virtually no record material, it must make an adequate "showing" of an absence of admissible evidence under Rule 56(c)(1)(B).

Rule 56 and Sixth Circuit case law do not expressly define what is necessary for a proper "showing" under Rule 56(c)(1)(B). The Committee Note to Rule 56 explains only that this definition

is to be supplied by "the continuing development of decisional law . . . ." Fed. R. Civ. P. 56, Advisory Committee Note (2010). The Sixth Circuit has stated that, when a summary judgment movant "does not bear the ultimate burden of persuasion," the movant need only assert "the absence of a genuine factual issue," with no need to point to admissible evidence. Elkins v. Richardson-Merrell, Inc., 8 F.3d 1068, 1071-72 (6th Cir. 1993); accord Jefferson v. Chattanooga Pub. Co., 375 F.3d 461, 463 (6th Cir. 2004) (the movant "need[] only . . . state that there is an absence of facts or evidence to support [the nonmovant's] claims."). The movant can "challenge the opposing party to 'put up or shut up' on a critical issue," and if it does "not 'put up,' summary judgment [is] proper." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989). The requirements for a "showing" under Rule 56(c)(1)(B) are minimal. ADT has asserted Lansky cannot meet her summary judgment burden to produce evidence supporting her claims. ADT's failure to cite record evidence does not preclude it from seeking summary judgment.

## II.   **Jurisdiction & Choice of Law**

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Lansky is a resident and citizen of Shelby County, Tennessee. (Compl., ECF No. 1-2 ¶ 1.) ADT is a limited liability company whose sole member is a Delaware corporation with its principal place of business in Florida. (Notice of Removal, ECF No. 1

5

¶ 7.)  A limited liability company is a citizen wherever its members are citizens.  See Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009).  ADT is a citizen of Delaware and Florida.  The parties are completely diverse.

Plaintiff alleges that the amount in controversy exceeds $75,000.  (Compl., ECF No. 1-2 at 14.)  "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see also Mass. Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996).  The requirements of diversity jurisdiction are satisfied.

The Court decided in its June 21, 2018 Order that Tennessee law applies to Lansky's state law claims.  (See ECF No. 27.)  No party contests that decision.

## III.  Standard of Review

Under Federal Rule of Civil Procedure 56, on motion of either party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of her case.  See Fed. R. Civ. P. 56(c)(1); Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 913 (6th Cir. 2009)). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Lossia v. Flagstar Bancorp, Inc., 895 F.3d 423, 428 (6th Cir. 2018) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). The nonmovant must identify specific evidence in the record that would be sufficient to justify a trier of fact's decision in the nonmovant's favor. See Fed. R. Civ. P. 56(c)(1); Hanson v. Madison Cty. Det. Ctr., 736 F. App'x 521, 527 (6th Cir. 2018).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

## IV.  Analysis

ADT seeks summary judgment on Lansky's remaining claims of recklessness, negligence, and breach of contract. (See generally ECF No. 34.)  ADT argues that Lansky can offer no evidence that (1) ADT's conduct was reckless, or (2) that ADT's conduct was the cause of Lansky's loss of property.  (See id. at 161–64, 164–65.)

### A. Gross Negligence and Recklessness

In Tennessee, parties may contract to limit their liability for ordinary negligence by capping damages at a fixed amount. See Buckner v. Varner, 793 S.W.2d 939, 941 (Tenn. Ct. App. 1990). That is what Lansky and ADT did here when they agreed to limit damages against each other to $250.  (See ECF No. 9-1 at 55.) Under Tennessee law, "[h]owever, a contract against liability will not operate to protect a party who is guilty of gross negligence."  See Buckner, 793 S.W.2d at 941; see also Maxwell v. Motorcycle Safety Found., Inc., 404 S.W.3d 469, 474 (Tenn. Ct. App. 2013).  Lansky contends that ADT's failure to notify police of the break-in constitutes "recklessness and/or gross negligence." (Compl., ECF No. 1-2 at 14.)

To prevail on a claim of gross negligence in Tennessee, Lansky must prove "ordinary negligence and must then prove that the defendant acted 'with utter unconcern for the safety of others, or . . . with such a reckless disregard for the rights

of others that a conscious indifference to consequences is implied in law.'" Leatherwood v. Wadley, 121 S.W.3d 682, 693–94 (Tenn. Ct. App. 2003) (internal citations omitted). Recklessness is defined as the conscious disregard of "a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992)(citing Tenn. Code Ann. § 39-11-302); see also Restatement (Second) of Torts § 500 cmt. a (2008) ("For . . . reckless conduct, the actor must know, or have reason to know, the facts which create the risk.").

ADT argues that Lansky's gross negligence claim fails because Lansky has produced no evidence to support it, and that "[d]iscovery is closed and no testimony or expert reports exist in this case." (ECF No. 34-1 at 161.) ADT contends that Lanksy has failed to show ADT's conduct demonstrated a "'conscious indifference to consequences,'" and that Lansky cites no evidence establishing a gross deviation from the applicable standard of care. (Id. at 162 (citing Thomason v. Wayne Cty., 611 S.W.2d 585, 587 (Tenn. Ct. App. 1980))).

Throughout her response, Lansky cites an affidavit she filed as an attachment. (See ECF No. 35-1.) Lansky's post-discovery affidavit is the only evidence in the record to which either

party refers.  Citing four statements in that affidavit, Lansky argues that she has provided sufficient evidence of gross negligence to establish a triable issue.  (See id. at 177—78.) The four statements are:

> 5.  The ONLY act that the Defendant completed was leaving me a voice mail message asking for me to return their phone call.
>
> . . .
>
> 8.  I reasonably relied on the Defendant to monitor my apartment and security system properly, and the Defendant utterly failed to do so.
>
> . . .
>
> 11.  Based upon my own personal experience in being a security company customer and the advertisements and/or representations of what the Defendant would do as a security monitoring company, the Defendant disregarded a substantial risk that occurred and this disregard is a gross deviation from what any reasonable security monitoring company would exercise in the same situation.
>
> . . .
>
> 12.  The Defendant intentionally failed to do an act ([i.e.,] not timely and properly notifying me of the alarm activation and not notifying the police, apartment complex, and other proper authorities) in which it was their contractual duty to do, and knowing or having reason to know of facts which a reasonable person to realize, not only that their conduct created an unreasonable risk of harm to me but also that such risk is substantially greater than that which is necessary to make their conduct simply negligent.

Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out

facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "'Conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact,' and are insufficient to withstand a motion for summary judgment." Mav of Mich., Inc. v. Am. Country Ins. Co., 289 F. Supp. 2d 873, 875 n.3 (E.D. Mich. 2003) (quoting Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002)).

The quoted passages in Lansky's affidavit do not create genuine issues of material fact. Lansky states that she "reasonably relied" on ADT, that ADT "utterly failed" to perform, and that, "[b]ased upon [her] own personal experience in being a security company customer . . . [ADT's conduct] is a gross deviation from what any reasonable security monitoring company would exercise in the same situation." (ECF No. 35-3 ¶¶ 8, 11.) These are bare legal conclusions, which the Court may not consider. See Padgett v. Caruso, 2011 WL 4701765 (W.D. Mich., Aug. 17, 2011) ("Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial.") The other cited paragraphs in Lansky's affidavit state that ADT "intentionally" failed to act, and that ADT's only act was to leave Lansky a voicemail. (Id. ¶¶ 5, 12.) The affidavit shows no basis in

personal knowledge for such statements, as required by Rule 56(c)(4). The Court cannot consider them.

Lansky cites no admissible evidence of gross negligence or recklessness, and no reasonable trier of fact could find in her favor based solely on the parties' stipulated background facts. Lansky has produced no evidence establishing that ADT showed "conscious indifference to consequences," or that ADT's conduct was a gross deviation from the applicable standard of care. Thomason, 611 S.W.2d at 587. Those elements are essential to her claim. See id. Absent admissible evidence to support her claim, Lansky cannot rebut ADT's Motion for Summary Judgment on her gross negligence claim.

ADT's Motion for Summary Judgment on Lansky's gross negligence claim is GRANTED.

### B. Causation

ADT argues that Lansky cites no facts in the record establishing that ADT's conduct was the "factual and proximate" cause of Lansky's loss of property. (ECF No. 34-1 at 164–65.) Because causation of loss is a necessary element of Lansky's negligence and breach of contract claims, ADT contends those claims must fail. (Id.)

The section of Lansky's response discussing causation cites no evidence and refers to no specific facts. (See ECF No. 34-1 at 164—65.) As the party opposing summary judgment, Lansky must

"cit[e] to particular parts of materials in the record"
establishing a genuine dispute or "show[] that the materials
cited do not establish the absence . . . of a genuine dispute."
Fed. R. Civ. Pro. 56(c)(1).  The Court has no duty to "search
the entire record to establish that it is bereft of a genuine
issue of material fact."  In re Morris, 260 F.3d 654, 655 (6th
Cir. 2001).  Rather, "the nonmoving party has an affirmative
duty to direct the court's attention to those specific portions
of the record upon which it seeks to rely to create a genuine
issue of material fact."  Id.

Under Tennessee law, Lansky must prove causation by a
preponderance of the evidence to recover damages for breach of
contract and for negligence.  See Fed. Ins. Co. v. Winters, 354
S.W.3d 287, 291 (Tenn. 2011) (breach of contract); Kempson
v. Casey, No. E201502184COAR3CV, 2016 WL 6499283, at *4 (Tenn.
Ct. App. Nov. 2, 2016) (negligence).  Lansky has pointed to no
evidence in the record that would allow a trier of fact to
conclude that ADT caused Lansky's loss.  The Court finds none.
Lansky fails to meet her summary judgment burden.

ADT's Motion for Summary Judgment is GRANTED on Lansky's
negligence and breach of contract claims.

## V.  Conclusion

For the foregoing reasons, ADT's Motion for Summary Judgment
is GRANTED.

13

So ordered this 12th day of February, 2019.

/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE